IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Francis M. Gonzales,<br>　　Petitioner, | )<br>)<br>) |
| v. | )　　1:15cv1584 (GBL/TCB) |
| | )<br>) |
| Carl Manis,<br>　　Respondent. | )<br>) |

## MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed pro se by Francis M. Gonzales, a Virginia inmate. Petitioner challenges the constitutionality of his conviction of abduction entered upon a plea of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) in the Circuit Court of Arlington County.

### I. Background

On May 21, 2012, Gonzales was indicted for abduction with intent to defile, subsequent offense. Case No. CR-740. He entered a plea of not guilty and requested a jury trial. After a two-day trial, the jury notified the judge during deliberations that it was unable to reach a verdict. Following a lunch recess, the parties informed the court that they had reached a plea agreement. The Commonwealth amended the indictment to the lesser-included offense of simple abduction, and petitioner entered an Alford plea to the reduced charge. The judge ordered a presentence report and set a date for sentencing.

At sentencing, during his right to allocution, petitioner stated that his counsel had failed

adequately to cross-examine the victim and a detective, that the plea agreement was unexpected, and that his decision to accept the plea was improper. He then requested to withdraw the <u>Alford</u> plea and to have a new trial. The judge asked, "Is that everything, Mr. Gonzales?" and petitioner replied, "Yes." Defense counsel stated that he was unaware that petitioner was going to seek to withdraw the plea and requested a continuance, and the judge responded, "I'm certainly willing to consider the motion."

After the trial judge reviewed the events of the trial and the plea hearing, petitioner's motion to withdraw his <u>Alford</u> plea was denied. The court noted that the defense had been ready for trial, that defense counsel's cross-examination of the victim was "superlative," and that the case went exceptionally well for petitioner. The judge also stated that petitioner was not "shortchanged" in any way and that she had questioned petitioner at length about his decision to change his not guilty plea to an <u>Alford</u> plea. Lastly, the judge noted that petitioner had heard all of the prosecutions's evidence and thus had all necessary information when he decided to change his plea, and that he had received exceptional representation at trial. The court then denied both the motion to withdraw the plea and the motion for a continuance. <u>See</u> <u>Gonzales v. Commonwealth</u>, R. No. 0793-13-4 (Va. Ct. App. Dec. 20, 2013), slip op. at 1-2. Petitioner was sentenced to ten years incarceration. Pet. at 1.

Petitioner took a direct appeal, raising the following claims:

1. The trial court erred in denying his request to withdraw the guilty plea because the request was made in good faith and premised upon a reasonable basis for a substantive defense.

2. The trial court abused its discretion in denying his motion for a continuance because it prejudiced his

>ability to prepare a proper motion to withdraw the plea and ensured he would not have a trial.

The Court of Appeals denied the petition for appeal on December 20, 2013. Id. Petitioner sought second-tier review by the Supreme Court of Virginia, and his petition was refused on November 14, 2014. Gonzales v. Commonwealth, R. No. 140554 (Va. Nov. 14, 2014). The Court denied petitioner's motion for rehearing on January 15, 2015.

Petitioner filed no application for state habeas corpus relief.

Instead, petitioner turned to the federal forum and timely filed this petition for a writ of habeas corpus pursuant to § 2254 on November 5, 2015.[1] Petitioner raises the following claims:

1. The state courts erred in rejecting his motion to withdraw his guilty plea.

2. His right to the assistance of counsel at sentencing was violated because he was not allowed to confer with his attorney.

3. The state courts erred in denying his motion for continuance at sentencing and in finding that he did not suffer prejudice as a result.

4. The Court of Appeals erred in making the factual determination that his motion to withdraw the plea was not made in good faith when the trial court had not considered the issue.

5. He was denied his constitutional right to call for and to secure evidence and to present a defense when the trial court denied his motion for a continuance.

Respondent filed a Rule 5 Answer and a Motion to Dismiss the petition along with a

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner executed the petition on November 5, 2015, Pet. at 15, and it was date-stamped as received by the Clerk on November 17, 2015. Pet. at 1.

3

supporting brief on March 17, 2016. (Dkt. No. 8-10) Petitioner was supplied with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and after receiving an extension of time he filed a Brief in Opposition to Motion to Dismiss on April 13, 2016. (Dkt. No. 17) On April 27, 2016, respondent filed a Motion for Leave to File a Supplemental Pleading and a supplemental Motion to Dismiss with a supporting brief, and provided petitioner with a supplemental Roseboro notice. (Dkt. No. 18-22) Petitioner has submitted two briefs in opposition to the supplemental response, as well as a Motion to Grant a New Trial. (Dkt. No. 23-25) Accordingly, the matter is now ripe for disposition.

## II. Non-Cognizable Claims

All of the claims petitioner raises in this petition are not federally cognizable for the following various reasons:

A. Claims 1, 3 and 5

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). A federal habeas claim is exhausted only when both the same legal argument and the same supporting facts previously were presented to and ruled on by the highest state

4

court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion is satisfied only where the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

In Claims 1 and 3 of this federal petition, petitioner argues that the trial court abused its discretion is denying his motions to withdraw to withdraw the guilty plea and for a continuance. These claims were exhausted on direct appeal. Nonetheless, they are not cognizable predicates for § 2254 relief because they were expressed both in the Virginia courts and here exclusively as errors of state law. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2254(a); see Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Where a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159. As Claims 1 and 3 of this petition assert errors only of state law and were exhausted on direct appeal as such, they cannot form the basis for federal habeas corpus relief.

In claim 5 of this petition, petitioner asserts that he was denied his constitutional right to call for and to secure evidence and to present a defense when the trial court denied his motion for a continuance. However, while the claim is expressed here as an error of constitutional dimension, it too was presented and adjudicated on direct appeal solely as a violation of state law. Gonzales v. Commonwealth, R. No. 0793-13-4, slip op. at 5-6. Therefore, since the "essential legal theory" advanced here is not the same as that advanced in the Virginia courts, the constitutional claim petitioner presents here remains unexhausted. Pruett, 771 F. Supp. at 1436.

5

In its Brief in Support of Supplemental Motion to Dismiss, the Commonwealth argues that even if it were assumed that Claim 5 was presented as a federal question on direct appeal, it still would warrant no relief because petitioner failed to establish prejudice. (Dkt. No. 21 at 2) In rejecting the claim, the Court of Appeals found:

> There were approximately three months between the time appellant entered his Alford plea and the sentencing hearing. Appellant did not inform his counsel that he wanted to withdraw his Alford plea, and his counsel was surprised when appellant did so during his allocution. Based on its review of the circumstances in this case, the trial court ultimately determined that no further information was necessary to properly decide appellant's motion to withdraw his plea and thus denied appellant's motion for a continuance. The trial court did not abuse its discretion in denying appellant's motion for a continuance in order to file a written motion to withdraw his plea, and appellant has failed to demonstrate any prejudice that occurred as a result of the trial court's denial of his motion for a continuance.

Gonzales v. Commonwealth, R. No. 0793-13-4, slip op. at 5-6. Because the Supreme Court of Virginia refused further review without explanation, the foregoing reasoning is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Under these circumstances, respondent is correct that even if Claim 5 were viewed as having been exhausted on direct appeal, petitioner would be entitled to no federal relief. Trial courts have broad discretion in determining whether continuances should be granted, and only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" is constitutionally impermissible. Morris v. Slappy, 461 U.S. 1, 11–12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). Further, even if a trial court abuses its discretion in denying a continuance, a § 2254 habeas petitioner must show actual prejudice to obtain relief. See Godoy v. Spearman, 834 F.3d 1078 (9th Cir. 2016). Here, for the reasons stated by Court of

Appeals, petitioner cannot show that the denial of his motion for continuance caused him to suffer any prejudice, so even if Claim 5 had been properly exhausted as a constitutional claim it would not have resulted in federal relief.

B. Claim 2

In Claim 2, petitioner argues that he was denied his Sixth Amendment right to counsel at sentencing. Pet. at 7. While this argument presents an issue of constitutional dimension, petitioner concedes that the claim has never been raised in the state forum. Pet. at 8. Accordingly, at this juncture the claim is procedurally defaulted from federal review.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be simultaneously exhausted and procedurally barred from federal review. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Although petitioner has filed no state habeas corpus application, he is now precluded from doing so by Virginia's habeas corpus statute of limitations, Va. Code § 8.01-654(A)(2). That provision allows a prisoner the later of two years from the date of his final judgment of conviction or one year from the conclusion of his state appellate proceedings to file an application for habeas relief. Here, petitioner's judgment of conviction was entered on April 2,

2013, more than two years ago, and his direct appeal concluded when the Virginia Supreme Court denied rehearing of its refusal of his petition for appeal on January 15, 2015, more than one year ago. Therefore, petitioner's return to the state forum with his unexhausted Claim 2 is precluded by Va. Code § 8.01-654(A)(2). That reason has been held to be an adequate and independent state law ground preventing federal habeas review of procedurally defaulted claims. See Sparrow v. Dir., Dep't of Corrections, 439 F.Supp. 2d 584, 587 (E. D. Va. 2006) (finding the limitations period of Va. Code §8.01-654(A)(2) to be adequate and independent). Therefore, Claim 2 of this petition is simultaneously exhausted and procedurally defaulted. Bassette, 915 F.2d at 932.

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, petitioner states that Claim 2 was not raised by his appellate counsel. Pet. at 8. If that statement is liberally construed as an argument that the procedural default of Claim 2 was caused by ineffective assistance of counsel, it fails to overcome the default, because it is well settled in federal jurisprudence that an allegation of ineffective assistance must itself have been

exhausted as an independent claim before it can supply the basis to excuse a procedural default.

As the Fourth Circuit has explained:

> Swisher also asserts that he has demonstrated cause stemming from his counsel's ineffectiveness in defaulting this claim. The requisite ineffective assistance, however, "is *itself* an independent constitutional claim" subject to the requirement of exhaustion in state court and to the doctrine of procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (emphasis in original); id. at 453 (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to procedural default rule); see also [Murray v.] Carrier, 477 U.S. [478] at 488-89 [(1986)] (noting that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"). Swisher does not assert that he can demonstrate cause and prejudice for his default of this ineffectiveness claim. Accordingly, he cannot use ineffective assistance of counsel to demonstrate cause for the failure to raise the use of perjured testimony claim.

Swisher v. True, 325 F.3d 225, 231 (4th Cir.), cert. denied, 539 U.S. 971 (2003).

Here, the claim of ineffective appellate assistance upon which petitioner attempts to rely as the basis for his cause-and-prejudice argument has not been exhausted in the state forum. Moreover, because he is now time-barred from filing an application for state habeas corpus relief, as discussed above, a claim of ineffective assistance by appellate counsel is no longer capable of exhaustion and hence is itself procedurally defaulted. Therefore, petitioner fails to establish cause and prejudice for his default of Claim 2, and that claim is barred from federal consideration.

C. Claim 4

In petitioner's fourth claim, he argues that the Court of Appeals erred in making the

9

factual determination that his motion to withdraw the plea was not made in good faith when the trial court had not considered the issue. This argument was asserted as a basis for review of the Court of Appeals' decision in petitioner's Petition for Appeal to the Supreme Court of Virginia filed on April 9, 2014. Even if the Supreme Court's unexplained refusal of the Petition for Appeal were deemed to have exhausted the claim for purposes of federal review, the claim was presented to the Virginia courts exclusively as an error of state law; no federal constitutional principles were argued or even mentioned in support of the argument. Pet. for App. at 15-17. As Claim 4 thus was exhausted at best only as a violation of state law, it cannot form the basis for federal habeas corpus relief. Lawrence, 517 F.3d at 717; Wright, 151 F.3d at 159.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss, Motion to File Supplemental Pleading, and supplemental Motion to Dismiss will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion for New Trial will be denied. An appropriate Order and judgment shall issue.

Entered this 13th day of February 2017.

Alexandria, Virginia

*Claude M. Hilton*
USDJ