IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Francis M. Gonzales,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:15cv1584 (LO/TCB) |
| ) | |
| **Carl Manis,** ) | |
| Respondent. ) | |

MEMORDANDUM OPINION

In November 2015, contesting his state conviction for simple abduction, Virginia state prisoner Francis Gonzales filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254, thus beginning the five-year saga of these federal habeas proceedings. See Dkt. No. 1. Currently under consideration are several pending motions filed by the parties. The first is petitioner's motion to amend the Order through which his petition was dismissed with prejudice. The second is respondent's motion to dismiss as successive the petition Gonzales has filed since the issuance of the original dismissal Order. For the reasons explained below, petitioner's motion to amend must be denied, and respondent's motion to dismiss must be granted.

I. Background

Over a five-year span, petitioner has filed numerous lengthy, often duplicative, and sometimes untimely filings in this Court and in his parallel state post-conviction proceedings. These many submissions combine to produce a procedural history that is borderline unnavigable. What follows is this Court's best attempt to distill and explain the events relevant to these federal proceedings.

*A.     Relevant State Court Proceedings*

On May 21, 2012, in the Circuit Court of Arlington County, Gonzales was indicted for abduction with intent to defile, subsequent offense, in violation of Virginia Code § 18.2-48. CR12-740. After a two-day trial, the jury was unable to reach a verdict. Following a recess, the parties reached a plea agreement in which petitioner would enter an Alford plea to simple abduction, a lesser included offense of abduction with intent to defile. Id. At the sentencing hearing, which occurred on April 2, 2013, Gonzales asked to withdraw his plea and to be granted a new trial. Id. His motion was denied, and the Circuit Court sentenced petitioner to ten years' incarceration. Id. The Court of Appeals of Virginia denied Gonzales's appeal by orders dated December 20, 2013 and March 6, 2014. Record No. 0793-13-4. The Supreme Court of Virginia refused petitioner's appeal by orders dated November 14, 2014 and January 15, 2015. Record No. 140554.

Some time before October 15, 2015, petitioner mailed to the Circuit Court for Arlington County a petition for writ of habeas corpus. CM15-907. The petition did not include the required $39 filing fee or a completed application to proceed without prepayment of fees. Id. Only on February 12, 2016, did the Circuit Court receive a properly-executed application to proceed without prepayment from Gonzales. Id. On May 19, 2016, the Circuit Court granted the application, id., but on January 27, 2017, dismissed the petition as untimely, CL16-1264. Finding that the Circuit Court had failed to elicit a response from respondent or make findings of fact and conclusions of law, the Supreme Court of Virginia remanded the case to the Circuit Court on December 15, 2017. Id.

Petitioner amended his petition upon the remand, adding as many as fifteen claims and sub-claims. Id. Finding the claims time-barred and otherwise without merit, the Circuit Court

2

dismissed Gonzales's amended petition on July 30, 2018. See Dkt. No. 38. Petitioner appealed the decision to the Supreme Court of Virginia. Record No. 181332. On July 23, 2019, the state supreme court dismissed in part and refused in part Gonzales's petition. Id.

## B. *Relevant Federal Proceedings*

On November 5, 2015, roughly one month after mailing his state petition for a writ of habeas corpus—but before properly filing his application to proceed without payment of fees—Gonzales filed a petition for writ of habeas corpus in this Court. See Dkt. No. 1. The federal petition indicated that petitioner had not yet sought state post-conviction relief. Id. After respondent filed responsive pleadings, this Court issued on February 13, 2017 a memorandum opinion and order dismissing the petition. See Dkt. Nos. 26-27. Because petitioner had not yet exhausted his claims in the state court system and appeared to be barred from doing so pursuant to the relevant statute of limitations, the Court dismissed several of petitioner's claims as procedurally barred. Id. The Court dismissed the remaining claims as non-cognizable at federal habeas because they presented issues of state law. Id.

Approximately one year later, on February 6, 2018, Gonzales moved to amend the judgment and order. See Dkt. No. 30. In the motion, Gonzales averred that he possessed "newly discovered evidence that he had, in fact, filed a state habeas corpus," apparently suggesting that the basis for the Court's decision was without support. Id. Because the state habeas proceedings were then still pending, this Court took the motion under advisement. See Dkt. No. 34.

On or about August 13, 2019, petitioner, having finally been denied post-conviction relief at the state court level, filed a new federal petition for writ of habeas corpus, supported by over eighty pages of briefing. See Dkt. Nos. 39, 41, 44. Seeking argument relevant to the still-pending motion to amend the judgment and the newly-filed petition for writ of habeas corpus,

3

the Court solicited a response from respondent. See Dkt. No. 45. Respondent then filed a motion to dismiss which petitioner opposes. See Dkt. Nos. 45, 48, 49.

## II. Motion to Amend Judgment

First under consideration is petitioner's motion to amend judgment. Dkt. No. 30. Petitioner moves pursuant to Rules 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure and specifically requests that this Court's previous Order dismissing his petition be amended such that the dismissal is deemed to have been without prejudice. Id.

In his Rule 60(b)(2) motion, Gonzales proffers that he has unearthed "newly discovered evidence" which undermines the Court's determination that his claims were procedurally defaulted. The specific evidence petitioner claims to have uncovered is that, contrary to the statements made in his federal filing, petitioner *had* in fact filed a habeas petition in state court before filing for relief here. See Dkt. Nos. 1, 30. Petitioner implies that this information demonstrates that this Court erred when it determined that he was procedurally defaulted from raising claims in state court and then receiving federal review of those claims. Id. To the extent this is petitioner's argument, it is unquestionably a valid basis on which to file a motion under Rule 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005) (stating that a previous procedural default ruling in habeas context does not bar a subsequent 60(b) motion challenging the basis of the finding of that default).

But while the basis of the motion is sound in principle, petitioner cannot establish that the evidence he now offers was truly "newly discovered" or that consideration of that evidence would impact the outcome of the federal proceedings. Indeed, petitioner claims to have filed a "petition for a writ a [sic] habeas corpus on September 27, 2015 in the Circuit Court of Arlington County." Dkt. No. 30. Petitioner initiated the instant case, at the earliest, on November 5,

2015.[1] See Dkt. No. 1, p. 15. Accordingly, petitioner undeniably had knowledge that he had already filed a petition in the state courts at the time he filed his initial §2254 petition. The evidence offered in support of the 60(b) motion was thus not "newly discovered." Cf. Arredondo v. United States, 178 F.3d 778, 782 n.3 (6th Cir. 1999) (noting that a movant's "improved memory" was not newly discovered evidence). On this basis alone, the 60(b)(2) motion must be dismissed. Cf. Collins v. Clarke, No. 7:13cv474, 2016 WL 1273457, at * (W.D. Va. Mar. 28, 2016) (denying Rule 60(b)(2) motion where petitioner failed to identify newly discovered evidence).

Additionally, in the time since petitioner filed his motion to amend the judgment, his state post-conviction proceedings have concluded and have done so in respondent's favor. Invoking § 8.01-654(A)(2) of the Virginia Code, the Circuit Court of Arlington County found that Gonzales's petition was time-barred and otherwise meritless. See CL16-1264, 1264-01. The Supreme Court of Virginia refused further review of that decision without comment, and the trial court's reasoning was thus imputed to the state supreme court's decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Because Virginia Code § 8.01-654(A)(2) represents an independent and adequate state ground for denial of relief, see Sparrow v. Dir., Dept. of Corrs., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006), this Court cannot review at federal habeas any claims denied by the state court on that basis.[2] This Court's previous ruling—which also found that

---

[1] The petition was executed on that date, and a pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988).

[2] It is true that procedurally barred claims may receive merits review if a petitioner can demonstrate cause and prejudice or show that he is actually innocent of the judgment pursuant to which he is detained. See Gray v. Netherland, 518 U.S. 152, 162 (1996); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But petitioner does not offer any basis for a finding of actual innocence, and he has failed to demonstrate cause and prejudice for his default. In support of

5

petitioner's claims were procedurally barred pursuant to § 8.01-654(A)(2)—thus remains correct even if the logic supporting that ruling is now marginally different.

Petitioner's Rule 60(b)(6) motion, such as it is, must also be denied. Rule 60(b)(6) offers relief to a party for "any ... reason that justifies relief" that is not otherwise enumerated in subsections one through five. See Fed. R. Civ. P. 60(b). But to prevail as to a 60(b)(6) claim, a party must demonstrate the existence of "extraordinary circumstances." Gonzalez, 545 U.S. at 535. Petitioner here invokes Rule 60(b)(6) in passing, as an apparent backstop for his 60(b)(2) motion, and does not elaborate as to any specific extraordinary circumstance present in this case. See Dkt. No. 30. He is thus not entitled to relief on this ground.

****

In light of the above, it is clear that petitioner's motion to amend the judgment must be denied; the evidence on which he bases his Rule 60(b)(2) motion is not "newly discovered," and, even if it were, it would not entitle him to any relief. Petitioner's Rule 60(b)(6) motion, unsupported by argument or evidence, must also be denied.

---

this latter exception, in later filings, petitioner makes much of the fact that a law clerk at the Circuit Court for Arlington County apparently "mistakenly believed that Gonzales was required to re-submit certified copies of his inmate trust account" alongside his petition for writ of habeas corpus. Dkt. No. 39, p. vi. He contends that this constituted an impediment to his ability to timely file his petition. Id. But as was clearly addressed in the Circuit Court's later opinion denying Gonzales's habeas petition, petitioner never timely paid a filing fee or affixed the necessary notarized indigency application alongside his petition as was required by § 8.01-655(B) of the Virginia Code. See CL16-1264, pp. 16-17. Petitioner's untimely filing, the Circuit Court held, was not to be blamed on the Clerk's Office, but only on petitioner himself. Id. Indeed, petitioner's ignorance of the law does not forgive his failure to abide by it. Having failed to establish cause for his failure to abide by Virginia law, petitioner has failed to demonstrate that he is entitled to review of his procedurally-barred claims.

### III. Newly-Filed Petition for Writ of Habeas Corpus

Since the dismissal of petitioner's first §2254 petition and the subsequent denial of his state post-conviction proceedings, Gonzales has filed a new petition for writ of habeas corpus, supported by two lengthy briefs which amount to eighty-eight pages in length. See Dkt. Nos. 39, 41, 44. Many of the pages of these documents are single-spaced in violation of this Court's Local Rules. See id.; Local Civil Rule 7(F)(3). In a motion to dismiss, respondent contends that the petition is successive, that petitioner has not received prefiling authorization from the Fourth Circuit, and that the petition thus must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), provides in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). And "[b]efore a second or successive application permitted by this section is filed in the district court," no matter how compelling the claims, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of prefiling authorization, the district

court is without jurisdiction to entertain the successive petition. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

A threshold question in this case, then, is whether petitioner's newly-filed petition is "second or successive" for the purposes of AEDPA. There can be no denial of the fact that petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. No. 1. But the phrase "second or successive" does not "refe[r] to all § 2254 applications filed second or successively in time." Pannetti v. Quarterman, 551 U.S. 930, 944 (2007). Instead, a petition is successive if it challenges the same judgment challenged by the preceding petition and the preceding petition was adjudicated on the merits. See Magwood v. Patterson, 561 U.S. 320 (2010); Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)).

Here, in his old petition and his new, petitioner has raised challenges to the April 2, 2013 judgment entered against him by the Circuit Court for Arlington County for simple abduction. In each, petitioner lists Case Number CR12-740. See Dkt. Nos. 1, 39. It is thus abundantly clear that petitioner now challenges the same judgment he challenged in his initial petition.[3]

---

[3] Petitioner periodically raises the fact that there existed a clerical error in his initial judgment order. See, e.g., Dkt. No. 49, p. 4. The initial order incorrectly stated that petitioner had been convicted of abduction of a person with intent to defile as opposed to simple abduction, the latter of which was the charge outlined in petitioner's plea agreement. See Dkt. No. 39, p. 18. Petitioner later filed a "Motion to Correct a Clerical Error" in the Circuit Court of Arlington County with respect to this issue. See Dkt. No. 49, pp. 5-6. On July 9, 2014, the order was amended to reflect petitioner's charge of simple abduction. See Dkt. No. 39, p. 17. To the extent that petitioner argues that these constitute different judgments and that his petition is therefore not successive, that argument is meritless. It is true that where a "new judgment" enters after a petitioner's first habeas petition is filed—when a petitioner is resentenced, for example—that a second habeas petition post-dating and challenging the "new judgment" is not deemed secondary or successive. See Magwood, 561 U.S. at 341-42. But here, petitioner's

It is also clear that Gonzales's first petition was dismissed "on the merits." Indeed, his first § 2254 petition was dismissed as procedurally defaulted in part and, due to the state-law-based nature of some of its claims, as non-cognizable in part. See Dkt. No. 26; Harvey, 278 F.3d at 379-80 (agreeing with sister circuits that "dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive"); Heaton v. Warden, Graham Corr. Inst., No. 2:16-cv-1079, 2016 WL 3030464, at *2 (D.S.C. Apr. 19, 2016) (finding previous habeas petition dismissed in part on ground that state-law-based claims were not cognizable was dismissed "on the merits") (report and recommendation adopted by Heaton v. Boulware, No. 2:16-cv-1079, 2016 WL 3030704 (D.S.C. May 26, 2016)); Castillo-Alvarez v. Miles, No. 17-cv-3324, 2017 WL 8944027, at * (D. Minn. Aug. 4, 2017) (finding new petition successive where previous petition had been dismissed in part on basis that state law claims were not cognizable on federal habeas review) (report and recommendation adopted by No. 17-cv-3324, 2017 WL 5956696 (D. Minn. Dec. 1, 2017)).

Accordingly, pursuant to § 2244(b) and relevant Supreme Court authority interpreting that statute, Gonzales's newly-filed petition is "second or successive" as defined by AEDPA. Because petitioner has not provided (and this Court cannot locate) a prefiling authorization from the United States Court of Appeals for the Fourth Circuit, this Court lacks jurisdiction to consider the petition. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application.")

---

judgment order was corrected before petitioner filed his first habeas petition. The Magwood rule, to the extent it is relevant at all, thus does not apply in this case.

9

(emphasis added); Jones v. Braxton, 392 F.3d 683, 686 (4th Cir. 2004) (no successive habeas petition may be filed without prior authorization from a Circuit Court of Appeals).

\*\*\*\*

In light of the above, it is clear that Gonzales's recently-filed petition for writ of habeas corpus is successive and must be dismissed as such. Petitioner's many appeals and assertions that he has been denied his constitutional rights and that manifest injustices have fallen upon him are irrelevant; this Court may not review Gonzales's claims unless and until the Fourth Circuit approves such action.

### IV. Conclusion

For the reasons stated herein, petitioner's motion to amend the judgment must be denied. Respondent's motion to dismiss must be granted. An appropriate Order shall issue.

Entered this 6th day of August 2020.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge